[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff has moved to modify the order entered as part of the judgment of dissolution on June 10, 1988 that the defendant pay $30.00 per week per child as child support. Defendant has moved that the court order plaintiff to pay $84,000, the amount of an equity mortgage, ordered as part of the dissolution and made payable upon, inter alia, plaintiff's cohabitation. Defendant has also moved to suspend or terminate periodic alimony pursuant to Conn. Gen. Stat. 46b-86 (b).
At the time of the hearing on these motions, defendant had been laid off. His net income for the purposes of the child support guidelines is $354.00 per week. Under the guidelines, defendant should be paying $165.24 for the three children or $55.08 per week per child. That takes into account the income Ms. Gieseking receives from her employment and her "boarder," Mr. Thompson.
Because Mr. Gieseking did not perform the repairs to the residence within 90 days as called for by the judgment of dissolution, the mortgage CT Page 9295 note is reduced by $6,000. Since plaintiff admits that she is now cohabiting with a Mr. Thompson $7,000 is payable under the terms of the judgment. Defendant's motion for suspension or termination of the order for periodic alimony under 46b-86 (o) requires the court co consider whether Mr. Thompson's contribution to her household expenses has altered her financial needs. Her income from employment has increased substantially from $108 per week to $317.65. Mr. Thompson contributes $150.00 per week to the household when he is employed. Her household expenses have also increased from the date of the dissolution by about $100.00, not including the cost of plaintiff's therapy. The evidence indicates that Ms. Gieseking living arrangements have not so significantly altered her financial needs as to justify termination of the alimony; a reduction in the amount to $100 per week is warranted, however.
The parties agree that any orders entered herein would be retroactive to January 28, 1991. Child support is modified to $165.24 per week and alimony is reduced to $100 per week.
Plaintiff is further ordered to pay $78,000, the amount of the mortgage note to defendant within six months.
Under the terms of the judgment the parties are each responsible for one-half of all unreimbursed psychiatric expenses for the children. The defendant is responsible for 50% of the unreimbursed bills for psychiatric treatment of the children, as is the plaintiff. Defendant is ordered to pay his half to the providers within 60 days.
SUSCO, J.